UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRENDA LANE,

      Plaintiff,

v.                                           Case No.  8:04-cv-654-T-24 TBM

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY, a
Connecticut Corporation,

      Defendant.
_____/

**ORDER**

This cause comes before the Court on Defendant's Motion for Determination of Applicable Standard of Review (Doc. No. 28).  Plaintiff has filed a response thereto.  (Doc. No. 29).

**I.  Background**

Plaintiff was insured under a Group Long Term Disability Insurance Policy ("the Policy"), for which Defendant is the claims administrator and the insurer.  While covered under the Policy, Plaintiff sustained a serious injury that resulted in disability.  Plaintiff received disability benefits from Defendant from August 5, 1996 through December 15, 2002.  Defendant ceased making benefit payments to Plaintiff on December 16, 2002, claiming that Plaintiff no longer met the definition of disabled under the Policy.  In response, Plaintiff filed the instant lawsuit to recover benefits under the Policy.

Under the "Benefits" section of the Policy, the Policy states that benefits will be paid if, among other things, the claimant "submit[s] proof of loss satisfactory to [Defendant]."  (Doc. No. 28, Ex. 1, p. 13).  Additionally, under the "Claims" section of the Policy, the Policy states

that the claimant must send Defendant proof of loss and that Defendant "reserves the right to determine if proof of loss is satisfactory." (Doc. No. 28, Ex. 1, p. 20).

## II.  Motion to Determine Applicable Standard of Review

The parties dispute the nature of the applicable standard of review in this case. Defendant contends that the standard of review is heightened arbitrary and capricious. Plaintiff, on the other hand, argues that the standard of review is *de novo*.

There are three standards of review in ERISA actions: (1) *de novo*, applicable where the administrator is not afforded discretion, (2) arbitrary and capricious, applicable where the plan grants the administrator discretion to determine eligibility or construe the terms of the plan, and (3) heightened arbitrary and capricious, applicable where the plan grants the administrator discretion and there is a conflict of interest.  See HCA Health Svcs. of Ga., Inc. v. Employers Health Ins. Co., 240 F.3d 982, 993 (11th Cir. 2001)(citation omitted).  The issue in this case is whether the Policy grants Defendant, the claims administrator, discretion, such that the arbitrary and capricious or heightened arbitrary and capricious standard of review applies.

Under the "Benefits" section of the Policy, the Policy states that benefits will be paid if the claimant "submit[s] proof of loss satisfactory to [Defendant]." (Doc. No. 28, Ex. 1, p. 13). Additionally, under the "Claims" section of the Policy, the Policy states that Defendant "reserves the right to determine if proof of loss is satisfactory." (Doc. No. 28, Ex. 1, p. 20).  Courts have found that statements similar to these, which require a claimant to submit proof that is satisfactory to the administrator, constitute a sufficient grant of discretion to compel either the arbitrary and capricious or heightened arbitrary and capricious standard of review .  See, e.g., Leggett v. Provident Life & Accident Ins. Co., No. 6:02-CV-1032ORL22KRS, 2004 WL

291223, at *9 (M.D. Fla. Feb. 9, 2004)(citations omitted); Morency v. Rudnick & Wolfe Staff Group Long Term Disability Ins., No. 899CV2688T24MAP, 2001 WL 737531, at *2-3 (M.D. Fla. Jan. 31, 2001)(citations omitted).  As such, the Court finds that the language in the Policy constitutes a sufficient grant of discretion to compel either the arbitrary and capricious or heightened arbitrary and capricious standard of review.

Furthermore, the parties agree that Defendant suffers from a potential conflict of interest, since it is both the claims administrator and the insurer of the Policy.  See Morency, 2001 WL 737531, at *3 (citation omitted).  As a result, the heightened arbitrary and capricious standard of review applies.[1]

---

[1]The Court notes that Plaintiff argues that even if the heightened arbitrary and capricious standard of review applies, the Court must still conduct an initial *de novo* review to determine whether Defendant's decision was wrong.  While Plaintiff is correct that the Court must initially determine whether Defendant's decision was wrong, and this is often referred to as a *de novo* review, Plaintiff misconstrues what a *de novo* review entails in such a situation.

When the Court makes the initial determination regarding whether Defendant's decision was wrong, it is a *de novo* review in the sense that the Court reviews the denial of Plaintiff's claim based on the administrative record without deference or any presumption of correctness. As such, the term *de novo,* when used to refer to the Court's initial review under the heightened arbitrary and capricious standard, does not mean exactly the same thing as when the term is used to describe one of the three ERISA standards of review.  See Parness v. Metropolitan Life Ins. Co., 291 F. Supp.2d 1347, 1357-58 (S.D. Fla. 2003).  When used to describe one of the three ERISA standards of review, the term *de novo* denotes that the court is not limited to reviewing the administrative record (and such review is done without deference or any presumption of correctness).  See id.  However, when the Court makes the initial determination regarding whether Defendant's decision was wrong under the heightened arbitrary and capricious standard of review, the Court is limited to reviewing the administrative record.  See Fick v. Metropolitan Life Ins. Co., 347 F. Supp.2d 1271, 1280 (S.D. Fla. 2004)(citation omitted).

### III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Defendant's Motion for Determination of Applicable Standard of Review (Doc. No. 28) is **GRANTED**.  The Court determines that the heightened arbitrary and capricious standard of review applies.

(2) Defendant is directed to file a response to Plaintiff's Motion for Determination of Right to Engage in Discovery (Doc. No. 29) by May 16, 2005.

**DONE AND ORDERED** at Tampa, Florida, this 29th day of April, 2005.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record