**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**BRENDA LANE,**

    **Plaintiff,**

**v.**                                                           **Case No. 8:04-cv-654-T-24TBM**

**HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,**

    **Defendant.**

_____/

**O R D E R**

THIS MATTER is before the court on **Plaintiff's Motion for Determination of Right to Engage in Discovery** (Doc. 30), as supplemented (Doc. 36),[1] and Defendant's response in opposition (Doc. 34). Previously, this court entered an Order (Doc. 31) determining that the heightened arbitrary and capricious standard of review applies to this action because the Defendant, as both the claims administrator and the insurer of the policy, suffers from a potential conflict of interest. By the instant motion, Plaintiff seeks an Order directing Defendant to respond to discovery requests, including the scheduling of requested depositions such as that of Joe Mancini, described by the Plaintiff as the Hartford specialist who evaluated Plaintiff's long term disability benefits claim. Plaintiff argues generally that she is entitled to discovery concerning Defendant's decision to terminate her long term

---

[1] The court granted Plaintiff leave to file a supplemental memorandum to address the implications of this court's determination that the heightened arbitrary and capricious standard of review applies. See (Doc. 33); see also M.D. Fla. R. 3.01(b). Although the court hoped to elicit additional argument from Plaintiff concerning her claimed entitlement to discovery, Plaintiff's supplemental pleading instead seeks reconsideration of the Order concerning the appropriate standard of review and a ninety-day extension of the May 31, 2005, discovery deadline. See (Doc. 36). These requests will be addressed by the district judge by separate Order.

disability benefits beyond the administrative record, including discovery into Defendant's policy and interpretation of plan language. By its response in opposition, Defendant argues that the court's review is limited to the administrative record, thus obviating the need for discovery. Alternatively, Defendant argues that if the court is inclined to allow discovery, it should be limited first to a determination of whether any of the relevant facts known to Defendant at the time of the challenged decision are not reflected in the administrative record, and if so, then further discovery should be limited to (1) whether the administrator fulfilled its fiduciary duties; (2) whether proper procedures were followed by the administrator in compiling the record; (3) whether the record is complete; and (4) whether the administrator had a conflict of interest. See (Doc. 34) (citing Lake v. Hartford Life & Accident Ins. Co., 218 F.R.D. 260 (M.D. Fla. 2003)). Defendant indicates that, if the court authorizes a deposition, it would not object to Mr. Mancini testifying as to the completeness of the administrative record.

In the Eleventh Circuit, a burden shifting approach applies in heightened arbitrary and capricious cases. First, a court must determine whether the claims administrator's decision was "wrong" from a *de novo* standpoint.[2] HCA Health Servs. of Ga., Inc. v. Employers Health Ins. Co., 240 F.3d 982, 993 (11th Cir. 2001). If the claim administrator's decision was "right," the court's analysis ends. If the court concludes that the decision was "wrong," it must then determine whether reasonable grounds exist in the record to support the defendant's decision. Williams v. Bellsouth Telecomms., Inc., 373 F.3d 1132 (11th Cir.

---

[2]As noted by the court in its previous Order, at this initial determination regarding whether Defendant's decision was "wrong," the court is limited to reviewing the administrative record. See (Doc. 31 at 3, n.1) (citing Fick v. Metro. Life Ins. Co., 347 F. Supp. 2d 1271, 1280 (S.D. Fla. 2004)).

2004). If the court finds reasonable grounds for the administrator's wrong decision, the burden then shifts to the defendant to prove that its decision was not tainted by self-interest. Brown v. Blue Cross & Blue Shield of Ala., Inc., 898 F.2d 1556, 1561 (11th Cir. 1990). Even if the defendant satisfies its burden and establishes that its decision was not tainted by self interest, an ERISA claimant may still be successful if she can show that the action was arbitrary and capricious by other measures. Id.; Lee v. Blue Cross/Blue Shield of Ala., 10 F.3d 1547, 1552 (11th Cir. 1994).

Although the Eleventh Circuit has not squarely addressed what discovery is appropriate in ERISA cases, it has suggested that evidence outside of the administrative record may be considered by the court in determining whether a claims administrator acted in its own self-interest under the heightened arbitrary and capricious standard. See Lee, 10 F.3d at 1552. In Lee, the Eleventh Circuit remanded with specific instructions for the district court to "consider evidence presented by [the plaintiff] to rebut [the defendant's] claims of lack of a profit motive or self-interest and by [the defendant] to demonstrate that its claims decision maximized benefits to participants and beneficiaries." Id.[3]

In other, unrelated cases, this court has also authorized limited discovery to determine what facts were known to the administrator at the time of the decision but may not be reflected in the administrative file. See Lake, 218 F.R.D. at 261; Cerrito v. Liberty Life Assurance Co. of Boston, 209 F.R.D. 663 (M.D. Fla. 2002). Such relevant matters of inquiry

---

[3]Plaintiff also cites to other Eleventh Circuit ERISA cases in which discovery was conducted. See Anderson v. UNUM Provident Corp., 369 F.3d 1257, 1262 (11th Cir. 2004); Levinson v. Reliance Standard Life Ins. Co., 245 F.3d 1321, 1330 (11th Cir. 2001); Useden v. Acker, 947 F.2d 1563, 1572 (11th Cir. 1991).

3

would include (1) the exact nature of the information compiled and considered by the fiduciary in making the decision; (2) whether the record was complete; (3) whether the fiduciary was competent to evaluate the information in the administrative record or whether the fiduciary should have sought outside technical assistance in reaching a "fair and full review" of the claim; (4) how the fiduciary reached its decision; and (5) whether the administrator had a conflict of interest.  See Lake, 218 F.R.D. at 261, n.1; Cerrito, 209 F.R.D. at 664 (citations omitted); Featherson v. Metro. Life Ins. Co., 223 F.R.D. 647, 657-69 (N.D. Fla. 2004) (allowing discovery limited to evidence relevant to self-interest issues in the decision-making process); Woodward v. Reliance Standard Life Ins., No. 1:02CV64MMP, 2003 WL 1798519 at *1 (N.D. Fla. Mar. 10, 2003).[4]  Upon consideration, the court finds that limited discovery into such matters beyond the administrative record is appropriate in this instance.

Accordingly, it is **ORDERED** that **Plaintiff's Motion for Determination of Right to Engage in Discovery** (Doc. 30) is **GRANTED**.

**Done and Ordered** in Tampa, Florida, this 1st day of June 2005.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Susan C. Bucklew, United States District Judge
Counsel of Record

---

[4] But see Parness v. Metro. Life Ins. Co., 291 F. Supp. 2d 1347, 1356-57 (S.D. Fla. 2003).